# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 10, 2021

Lyle W. Cayce
Clerk

No. 20-51031
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JUAN MANUEL PINEDA-RODRIGUEZ,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:19-CR-755-2

---

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Juan Manuel Pineda-Rodriguez was convicted by a jury of one count of conspiracy to transport illegal aliens and three counts of transportation of illegal aliens for the purpose of commercial advantage and private financial gain.  The district court sentenced him to 30 months in prison, with credit

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

for time served, and three years of supervised release as to each count and ordered the sentences to be served concurrently. He appeals his conviction.

Pineda-Rodriguez contends that he was convicted in violation of the Confrontation Clause. He maintains that the Government improperly was allowed to offer at trial videotaped depositions of material witnesses—three aliens whom he allegedly transported. He argues that the Government failed to demonstrate that the witnesses, who were removed from the United States after their depositions, were unavailable to appear at trial. We review his claim de novo, subject to harmless-error analysis. *United States v. Tirado-Tirado*, 563 F.3d 117, 122 (5th Cir. 2009).

The aggregate efforts of the Government to obtain the presence of the material witnesses at Pineda-Rodriguez's trial were reasonably sufficient. *See United States v. Gaspar-Felipe*, 4 F.4th 330, 338-39 (5th Cir. 2021); *United States v. Aguilar-Tamayo*, 300 F.3d 562, 565-66 (5th Cir. 2002); *United States v. Allie*, 978 F.2d 1401, 1407-08 (5th Cir. 1992). The record establishes that, before the witnesses were removed, the Government undertook actions that were indicative of a bona fide effort to have the witnesses appear at trial. *See Gaspar-Felipe*, 4 F.4th at 338-39. Also, after the witnesses were removed, the Government made legitimate and credible attempts to obtain their presence at trial. *See id.* at 338-39. The failure of the Government to offer work permits to the witnesses does not alone render its efforts unreasonable, *see id.* at 338, and Pineda-Rodriguez otherwise has not shown that the various steps and practical measures that the Government took did not satisfy the good-faith standard to establish the unavailability of the witnesses. *See id.* at 338-39; *Aguilar-Tamayo*, 300 F.3d at 565-66; *Allie*, 978 F.2d at 1407-08.

Pineda-Rodriguez additionally asserts that the district court admitted impermissible profile evidence. He contends that the Government presented a witness, Agent Jesus Partida, who offered certain testimony suggesting that

No. 20-51031

Pineda-Rodriguez was guilty of the charged offenses because his actions were consistent with the typical behavior of a foot guide for an alien trafficking organization. Pineda-Rodriguez argues that the testimony violated Federal Rule of Evidence 704(b) and our caselaw prohibiting testimony that amounts to an opinion on whether the defendant had a mental state or condition that is an element of a crime. Because he did not present this claim in the district court, we review for plain error. *See United States v. Montes-Salas*, 669 F.3d 240, 247 (5th Cir. 2012).

Most of the testimony disputed by Pineda-Rodriguez appears to be on the safe side of the line between testimony as to methods of operation unique to the business of alien trafficking and testimony comparing his conduct to a generic profile of a participant in that business. *See id.* at 250; *United States v. Gonzalez–Rodriguez*, 621 F.3d 354, 364 (5th Cir. 2010). However, even if some of Agent Partida's testimony was problematic, and assuming that any error in allowing the testimony was clear or obvious error, Pineda-Rodriguez has not met his burden of showing that his substantial rights were affected. *See United States v. Morin*, 627 F.3d 985, 998-1000 (5th Cir. 2010); *Gonzalez–Rodriguez*, 621 F.3d at 367-68. Even setting aside any improper elements of Agent Partida's testimony and references thereto, the record supports that the jury was presented with substantial other evidence of Pineda-Rodriguez's participation in an alien trafficking operation and of his role in trafficking the aliens at issue in this case. Because there is no reasonable probability that his conviction hinged on the challenged testimony, he has not shown reversible plain error. *See Morin*, 627 F.3d at 998-1000; *Gonzalez–Rodriguez*, 621 F.3d at 367-68.

The judgment of the district court is AFFIRMED.